BENJAMIN F. HENNING, APPELLEE, v. RAN STANFIELD
ET AL., APPELLANTS.

FILED JANUARY 26, 1922.  No. 21812.

Trial: DIRECTION OF VERDICT. Evidence examined, and *held* that the court properly instructed the jury to return a verdict in favor of the plaintiff.

APPEAL from the district court for Burt county: CHARLES A. GOSS, JUDGE. *Affirmed.*

*J. A. Singhaus,* for appellants.

*W. M. Hopewell* and *J. A. Miller, contra.*

Heard before LETTON, DAY and DEAN, JJ., CLEMENTS (E. P.) and DILWORTH, District Judges.

DILWORTH, District Judge.

This is an action in replevin, brought by appellee, Benjamin F. Henning, against Ran Stanfield, sheriff of Burt county, Nebraska, and Harry Deaver, appellants, and John A. Singhaus, to recover possession of a threshing machine and various attachments.

At the conclusion of plaintiff's direct evidence in the trial court, John A. Singhaus moved that the action be dismissed as to him. This motion was sustained, and the action dismissed as to Singhaus, and proceeded against the other two defendants.

When both sides had rested, the plaintiff moved the court for an instructed verdict in his behalf. This motion the court sustained, and so instructed the jury. The only question before this court is as to whether the evidence warranted such action on the part of the trial court.

It appears from the evidence that appellant, Harry Deaver, in July, 1918, entered into a contract with the

Minneapolis Threshing Machine Company for the purchase of a threshing machine outfit for the sum of $1,655. The machine was to be delivered to him at Tekamah. He paid $300 cash on the purchase price, and gave his notes, secured by a chattel mortgage on the machine, for the balance. He was to and did, also, pay the freight, amounting to $98. The machine was delivered to Deaver as agreed. He took it out to his farm some miles in the country. The machine proved unsatisfactory and failed to perform the work as warranted. Whereupon Deaver notified the agent of said company of such fact, and asked that the machine be made to run satisfactorily. This the company failed to do. After waiting some time for the company to fix the machine, he wrote the agent of said company who had sold him the machine, stating that he did not want the machine, and that it was being held for them at his place, or that he would take it back to Tekamah for them. To this he received no response. Over a year later the company foreclosed the chattel mortgage, given it by Deaver to secure the notes given for the purchase of the machine. It had the machine hauled to Tekamah and advertised for sale under the mortgage. Deaver attempted to enjoin the sale, but was not successful. The machine was sold to appellee, Henning, for $800, payment being made by check, which was afterwards cashed.

Deaver then commenced an action against the company to recover the amount of cash paid by him on the machine, including the freight charges, amounting in all to $398. The machine was attached as the property of the company. Thereupon Henning commenced this action in replevin, and the machine was turned over to him upon his giving the proper bond, and was by him taken away.

It is insisted that Henning is not a *bona fide* purchaser; that he was the agent or servant of the company, and that the purchase of the machine was for the sole benefit of the company. The sole question, there-

fore, is as to whether the sale of said machine to appellee was *bona fide*.

We have carefully considered the evidence, and are satisfied that the trial court could not properly have done otherwise than instruct the jury to return a verdict in favor of the plaintiff. The evidence on the part of plaintiff, showing a *bona fide* purchase on his part, was clear and positive, while the evidence attempting to show otherwise could only be drawn by inference from circumstances proved, which were not inconsistent with the *bona fide* intention of the plaintiff in making the purchase, and which were not sufficient to constitute such a conflict of evidence as to demand a determination by a jury.

The evidence shows that the Sachse-Bunn Company, agricultural implement dealers at Sioux City, Iowa, were the agents who sold the machine to Deaver for the Minneapolis Threshing Machine Company, and conducted the proceedings for the foreclosure of the mortgage thereon. Appellee lived in Le Mars, Iowa, and was engaged in the work of repairing tractors. He did all that kind of work which was required by the Sachse-Bunn Company. At the same time he did similar work for others. He had an arrangement with the Sachse-Bunn Company that he could do his own work at their place of business. He was employed by that firm to go to Tekamah and assist in the sale of the machine to Deaver at that place, which he did in part. He went to Tekamah with one of that firm to attend the sale. He bid $800 for the machine, and, being the highest bidder, secured the machine. He gave his check in payment for same, which was afterwards cashed, and the machine was shipped to Le Mars, Iowa, in the car ordered by the Sachse-Bunn Company before the sale. They turned the car over to him, and also furnished him the necessary bonds required in the litigation herein. En route he diverted the car to Cherokee, Iowa, where the Sachse-Bunn Company had a branch house. The attorney for appellants discovered

the machine there, and he was solicited to buy the same by one of the agents in charge of the place of business. The machine was then offered as a second-hand one. It was stated that, when fixed up, the guarantee of the Minneapolis Threshing Machine Company would be back of it.

These are the circumstances which are relied upon to show that the appellee is not a *bona fide* purchaser. They are not sufficient. The inferences to be drawn from them are not irreconcilable and inconsistent with appellee being the actual *bona fide* purchaser of the machine, and do not present such a conflict of evidence that should be left to a jury to decide.

The trial court in ruling on the motion for an instructed verdict very fully and properly stated the situation, when it said:

"In this case there is no dispute whatever that Mr. Deaver bought a machine, and there is no dispute in the evidence that he bought a machine for a substantial sum of money with certain warranties which have not been fulfilled. He was dissatisfied with the machine after making payment of $300 on account of the machine, and $98 for freight, total $398. In testing the machine he found it would not meet the warranties and he was dissatisfied and he asked the concern who delivered it to him to put it in shape so it could be used. They made attempts to do that, but were unable so to do, and there is evidence tending to show that he turned it back to them; that is, tendered it back and offered to return it to Tekamah to the place where he got it, and left it subject to their orders at his place. Later the machine was brought into Tekamah and stood there for some time, and the company, evidently not being satisfied to accept tender of the machine back and cancel the indebtedness on it, foreclosed their mortgage on it. It was sold to the plaintiff in this case. Now, there is no doubt that, if the evidence in this case were such as in the case that was brought here by Mr. Deaver against the Minneapolis

Threshing Machine Company, he would be entitled to recover the amount that he had paid with interest, and it is unfortunate that he did not get his money before this sale was made so as to be saved all the trouble of this lawsuit and any subsequent trouble that might attain.  But, be that as it may, the evidence in this case shows that this machine was sold under a foreclosure to the plaintiff in this case, and that he paid for it.  I have allowed the defendant the very widest latitude, in fact, almost unprecedented latitude, in my experience in seeking to find evidence to upset the *bona fides* of that purchase, and we have gone right to the edge of error, if not beyond it, in allowing the defendant to produce evidence, or to lead to evidence of fraud or lack of good faith that would impeach the title of the plaintiff in this case to this machine, and the comments that went with it. He gave his check on the 7th day of November, the date of that sale.  The evidence is undisputed that the check was paid through the bank, and there is no evidence here that in any way impugns the motive or intent of the plaintiff in this case.  He stands in just as good a condition under the evidence in this case as the most honest man in this community would stand.  Indeed, it is very unusual under the circumstances of this case for one away from home to be able to show such a clear bill of health as the plaintiff has shown in this case.  His evidence was clear, unconfusing, and convincing, that he entered into this thing in good faith, and the evidence, having gone over the wide latitude that I have allowed Mr. Singhaus as representing his client to take in this case, fails to shake that in any particular in my judgment.  I do not believe there is a question of fact in the minds of reasonable men to differ on in this case, that the evidence in this case does not show but what the plaintiff has a good title to this machine, and I am not sure but if I were to allow this case to go to the jury and they should find a verdict for the defendants in this case that it would be reversed by the supreme court, and I feel that there is

nothing left for me to do but to instruct this jury, as the law provides, where there is no question of fact upon which reasonable men can differ, to return a verdict for the plaintiff in this case."

We find no error in the proceedings in the district court, and the judgment is

AFFIRMED.